## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JERRY MCKANE WAYNICK et al.,<br><br>*Defendants*. | Criminal Action No. 23-175 (TJK) |

### ORDER

For the reasons stated on the record on April 17, 2024, based on the evidence admitted at trial and the stipulations of the parties, the Court finds the defendants, Jerry McKane Waynick and Mark Waynick, **GUILTY** beyond a reasonable doubt on all charges in the Second Superseding Indictment, ECF No. 73.

Specifically, the Court finds Jerry McKane Waynick **GUILTY** beyond a reasonable doubt of the following:

As to Count One, the charge of committing or attempting to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his or her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function, in violation of 18 U.S.C. § 231(a)(3);

As to Count Two, the charge of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with an officer and employee of the United States, and of any branch of the United States Government, and any person assisting such an officer or employee, that is, Officers Ameer Sorrell and Tyrone Toran, officers from the Metropolitan Police Department, and other

United States Capitol Police officers, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. § 111(a)(1);

As to Count Three, the charge of using a deadly or dangerous weapon, that is, a hard-sided traffic marker, to forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer and employee of the United States, and of any branch of the United States Government, and any person assisting such an officer or employee, that is, Officer Margodane Vanriel, an officer from the Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. § 111(a)(1) and (b);

As to Count Four, the charge of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with an officer and employee of the United States, and of any branch of the United States Government, and any person assisting such an officer or employee, that is, Officer Edward Smith, an officer from the Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. § 111(a)(1);

As to Count Six, the charge of knowingly entering and remaining in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be visiting, without lawful authority to do so, and using and carrying a deadly or dangerous weapon, that is, a hard-sided

traffic marker, during and in relation to the offense, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A);

As to Count Eight, the charge of knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engaging in disorderly and disruptive conduct in and within such proximity to a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, and using and carrying a deadly or dangerous weapon, that is, a hard-sided traffic marker, during and in relation to the offense, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A);

As to Count Ten, the charge of knowingly engaging in any act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, and using and carrying a deadly or dangerous weapon, that is, a hard-sided traffic marker, during and in relation to the offense, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A);

As to Count Twelve, the charge of willfully and knowingly engaging in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress and the orderly conduct in that building of a hearing before or any deliberation of a committee of Congress or either House of Congress, in violation of 40 U.S.C. § 5104(e)(2)(D);

As to Count Thirteen, the charge of willfully and knowingly engaging in an act of physical violence within the United States Capitol Grounds or any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F); and

As to Count Fourteen, the charge of willfully and knowingly parading, demonstrating and picketing in the United States Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

The Court finds Mark Waynick **GUILTY** beyond a reasonable doubt of the following:

As to Count One, the charge of committing or attempting to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his or her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function, in violation of 18 U.S.C. § 231(a)(3);

As to Count Five, the charge of using a deadly or dangerous weapon, that is, a flag pole, to forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer and employee of the United States, and of any branch of the United States Government, and any person assisting such officer or employee, that is, Officer Margodane Vanriel, an officer from the Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. § 111(a)(1) and (b);

As to Count Seven, the charge of knowingly entering and remaining in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be visiting, without lawful

authority to do so, and using and carrying a deadly or dangerous weapon, that is, a flag pole, during and in relation to the offense, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A);

As to Count Nine, the charge of knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engaging in disorderly and disruptive conduct in and within such proximity to a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, and using and carrying a deadly or dangerous weapon that is, a flag pole, during and in relation to the offense, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A);

As to Count Eleven, the charge of knowingly engaging in any act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, and using and carrying a deadly or dangerous weapon that is, a flag pole, during and in relation to the offense, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A);

As to Count Twelve, the charge of willfully and knowingly engaging in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress and the orderly conduct in that building of a hearing before or any deliberation of a committee of Congress or either House of Congress, in violation of 40 U.S.C. § 5104(e)(2)(D);

As to Count Thirteen, the charge of willfully and knowingly engaging in an act of physical violence within the United States Capitol Grounds or any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F); and

As to Count Fourteen, the charge of willfully and knowingly parading, demonstrating and picketing in the United States Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 17, 2024