**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 1:23CR00175-001** |
| | ) | |
| | ) | |
| **JERRY MCKANE WAYNICK** | ) | |

---

**AMENDMENT TO SENTENCING MEMORANDUM**

---

**Introduction**

This amendment is respectfully submitted to correct an oversight in the previously filed Sentencing Memorandum for Mr. Jerry McKane Waynick. The original memorandum mistakenly implied that the defendant in United States v. Adam Jackson was sentenced to 41 months of incarceration, as recommended by the government. However, the court ultimately imposed a lesser sentence. We submit this amendment to provide an accurate representation of the Jackson case as it pertains to our argument for sentencing leniency for Mr. Waynick.

**Correction of the Record:**

1.  **Clarification Regarding Adam Jackson's Sentence:**

    o   In the original memorandum, we referenced the case of Adam Jackson (Case No. 22-CR-230 (RC)), in which the government recommended a 41-month sentence based on Jackson's violent conduct during the January 6 Capitol riot.

    o   Upon further review, we acknowledge that the court did not impose the full 41-month sentence recommended by the government in Jackson's case. Ms. Jackson received a

sentence of 1 year home confinement, with service of jail time for 52 weekends (104 days) and three year of probation.

o   This amendment corrects that oversight and requests the court to consider the fact that Jackson, whose actions were significantly more violent, received a sentence less than the government's recommendation. Therefore, Mr. Waynick, whose actions were non-violent, (in the sense of lack of serious bodily injury) should receive a sentence that reflects his comparatively lesser role and conduct.

**Impact of This Correction on the Comparative Analysis:**

2.   **Proportionality in Sentencing:**

o   The argument presented in the original memorandum, which compares the severity of Mr. Waynick's conduct to that of Adam Jackson, remains valid and is further supported by this correction.

o   Given that Jackson's violent actions resulted in a lesser sentence than the 41 months recommended by the government, it would be disproportionate to impose a sentence on Mr. Waynick that approaches or exceeds Jackson's, given the significantly lesser nature of Mr. Waynick's conduct.

3.   **Request for Leniency in Light of Jackson's Case:**

o   We respectfully submit that this clarification further underscores the importance of sentencing Mr. Waynick with an appropriate degree of leniency. Mr. Waynick's non-violent conduct and clean criminal history justify a sentence significantly below the government's recommendation in Jackson's case.

**Conclusion**

In light of the corrected information regarding Adam Jackson's sentencing, we reiterate our request for the court to grant Mr. Waynick a downward departure from the sentencing guidelines and impose a sentence that reflects his non-violent behavior, genuine remorse, and cooperation throughout the proceedings.

We respectfully submit this Amendment to the Sentencing Memorandum and request the court to consider this correction during sentencing deliberations.

Respectfully submitted,

**/s/ Olin J. Baker**
Olin J. Baker, #026184
*Attorney for Jerry McKane Waynick*
9 Court Square, PO Box 250
Charlotte. TN 37036
615-789-316

### Certificate of Service

I hereby certify that a true and exact copy of the foregoing has been forwarded, via the Court's electronic filing system, to Kyle Moran McWaters and Aliya Khalidi, Assistant United States Attorneys; and United States Probation on tis the 14th day of October, 2024.

**/x/ Olin J. Baker**

Olin J. Baker, #026184

**Cases**

*Thorne v. United States*, 46 A.3d 1085 (D.C. 2012) ........................................................ 17, 18

*U.S. v. Martinez*, No. CR 04-2248 MV, (D.N.M. Feb. 24, 2006) .............................................. 8

*U.S. v. Sampson*, 41 F. App'x 112, 114 (9th Cir. 2002) .................................................... 9, 12

*United States v. Guerrero*, 333 F.3d 1078 (9th Cir. 2003) ........................................................ 7

*United States v. Juvenile Male*, 930 F.2d 727 (9th Cir. 1991) ................................................ 11

*United States v. Sampson*, 41 F. App'x 112 (9th Cir. 2002) ...................................................... 9

*United States v. Weddle*, 30 F. App'x 14 (4th Cir. 2002) ................................................... 14, 16

*United States v. Cruz*, CRIMINAL CASE NO. 3:94-CR-112 (JCH), 14 (D. Conn. Apr. 9, 2021)