UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 23-CR-175-001 (TJK) |
| | : | |
| **JERRY MCKANE WAYNICK,** | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT JERRY MCKANE WAYNICK'S MOTION TO VACATE ALL DATES AND THE SENTENCING HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Jerry McKane Waynick's Motion to Continue, ECF No. 108. Jerry McKane Waynick and Mark Waynick were found guilty of all counts against them on April 17, 2024 after a two-day jury-waived trial. ECF 80. Both defendants are set for sentencing on November 26, 2024. *See* Minute Entry (Oct 16, 2024). No material change to the facts or law at issue in this case has occurred since the conviction, and the government is prepared to proceed with sentencing on November 26, 2024. The Court should therefore deny the defendant's motion.

There is a public interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest. The government disagrees that a continuance is warranted here, and the Court should proceed as it would in any other prosecution. *See United States v. Baker*, No. 24-cr-121 (CRC), Nov. 11, 2024 Minute Order (denying substantively identical motion to continue); *United States v. Johnson*, No. 24-cr-141 (JDB), Nov. 13, 2024 Minute Order (same); *see also, e.g.*, *United States v. Avery*, No. 24-cr-79 (CRC), Nov. 6, 2024 Minute Order (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Fuller*, No. 23-cr-209 (CKK), Nov. 6, 2024 Minute Entry (denying

motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, No. 23-cr-139 (BAH), Nov. 6, 2024 Minute Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, No. 23-cr-341 (RBW), Nov. 7, 2024 Minute Order (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Heffner*, No. 24-cr-260 (APM), Nov. 11, 2024 Minute Order (denying motion to stay proceedings based on claim of potential clemency). The defendants' citation to Special Counsel Jack Smith's motion to vacate a briefing schedule in the matter of *United States v. Trump*, No. 23-cr-257 (TSC), is inapposite. That motion refers to the "unprecedented circumstance" of a criminal defendant being "expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025." *See id.*, ECF No. 108. The need to "determine the appropriate course going forward consistent with Department of Justice policy," *id.*, is not similarly implicated in this case, where the defendants are private citizens.

The defendant cites the results of an election as an indication of the American people's will with respect to this specific case. That is an unfounded assumption. The American people have a diverse range of motivations for their votes, and the government does not – nor can it – discern any specific intent of the electorate as it relates to Mr. Waynick.

The defendant's citation to *United States v. William Pope*, 21-cr-128-RC is also misguided. *Pope* is in a different posture than this case. *Pope* was set for a trial when Judge Contreras, over government objection, granted a motion to continue, in a case involving highly contested and ongoing litigation, multiple pending motions, and a *pro se* litigant. This case has not only been tried and convicted, but the sentencing memos and pre-trial sentencing reports have already been submitted for the Court's consideration. *Pope* is discernably limited to the facts of that specific case, and is not similarly situated.

For the foregoing reasons, the Court should deny the defendant's motion to continue and proceed with sentencing on November 26, 2024.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. Bar No. 481052

BY:    /s/ Aliya Khalidi
        ALIYA KHALIDI
        MA Bar Number 682400
        Kyle McWaters
        D.C. Bar No. 241625
        Assistant United States Attorneys
        U.S. Attorney's Office for the District of Columbia
        601 D Street, NW
        Washington, D.C. 20001
        (202) 252-2410
        Aliya.khalidi@usdoj.gov
        Kyle.mcwaters@usdoj.gov