UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 0090 1:23CR00175-001 TJK |
| | ) | |
| | ) | |
| JERRY MCKANE WAYNICK | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENSE MOTION FOR AN ORDER FOR SUITABLE APPEARANCE FOR COURT**

COMES NOW the Defendant, Jerry McKane Waynick, by and through his counsel, and submits this Memorandum of Law in support of his motion requesting an order directing the U.S. Marshal Service or the Government to facilitate suitable grooming for the Defendant, including a haircut and shave, prior to his sentencing hearing on November 26, 2024.

## I. LEGAL BASIS FOR THE MOTION

### A. The Right to a Fair Trial and Equal Justice

The Fifth and Sixth Amendments to the United States Constitution guarantee the right to due process, equal protection, and a fair trial. These rights encompass the principle that a defendant should be able to appear in court in a manner that does not prejudice the proceedings or undermine the dignity of the judicial process.

**Appearance as Part of a Fair Hearing:**

Courts have recognized that the physical appearance of a defendant can affect the fairness of a hearing, especially during a sentencing proceeding. A defendant appearing unkempt may unfairly influence judicial perceptions. See *Estelle v. Williams*, 425 U.S. 501, 504-505

1

(1976) (discussing the role of a defendant's appearance in ensuring the integrity of the judicial process and the perception of fairness).

**B. U.S. Marshal Service Obligations**

The U.S. Marshal Service is tasked with ensuring the humane treatment of individuals in its custody under 28 U.S.C. § 566. This duty includes maintaining the personal dignity and basic needs of detainees. Facilitating grooming is a reasonable expectation to uphold these standards, particularly when requested for a court appearance.

**Applicable Provisions in § 566**

- **§ 566(a)**:

"It is the primary role and mission of the United States Marshals Service to provide for the security and to obey, execute, and enforce all orders of the United States District Courts…" This section empowers the Marshals Service to enforce court orders, including those related to detainees' conditions of confinement, such as facilitating personal grooming for court appearances.

- **§ 566(c)**:

"The United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States…" Courts often issue orders addressing pretrial detainee conditions under this authority. This can include facilitating a defendant's haircut and shave if deemed necessary to preserve courtroom dignity and fairness.

- **§ 566(e)(1)(A)**:

"Provide for the personal protection of Federal jurists, court officers, witnesses, and other threatened persons in the interests of justice where criminal intimidation impedes on the functioning of the judicial process…" While primarily aimed at security and protection, this

clause emphasizes the Marshals Service's duty to ensure the proper functioning of the judicial process. A dignified defendant's appearance can be viewed as integral to the fairness and integrity of proceedings, indirectly supporting such accommodations.

Waynick argues that the relevant sections of § 566 indicate that the Marshals Service has the authority to enforce court orders related to detainee grooming. Specifically:

- § 566(a) and (c) emphasize the obligation to carry out orders issued by the judiciary, including directives related to the custody and appearance of detainees.
- § 566(e)(1)(A) supports the broader mission of safeguarding the integrity of judicial proceedings, which extends to ensuring defendants present themselves with dignity.

While § 566 does not explicitly require the Marshals Service to provide humane treatment or grooming, it grants broad authority to carry out court orders. Coupled with constitutional protections (e.g., the Due Process and Eighth Amendments), these provisions create a foundation for requesting and justifying court-ordered grooming services for a defendant's appearance.

**C. Judicial Discretion to Issue Orders**

**1. Statutory Authority Under 18 U.S.C. § 3142(i)**

Under 18 U.S.C. § 3142(i), courts have discretion to issue orders related to a detainee's custody to ensure the proper administration of justice. The statute provides:

"The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

This provision gives courts significant flexibility to address unique circumstances affecting detainees, including the need to ensure their appropriate presentation in court. While § 3142(i) explicitly authorizes temporary release for specific reasons, courts have extended its principles to include other orders necessary to ensure fairness in judicial proceedings, including directives related to grooming and hygiene.

**2. Constitutional Considerations Supporting Judicial Discretion**

Judicial orders under § 3142(i) are bolstered by constitutional protections, including: The Due Process Clause of the Fourteenth Amendment ensures that detainees are not subjected to conditions that undermine the fairness or integrity of judicial proceedings. See *Estelle v. Williams*, 425 U.S. 501 (1976). The Eighth Amendment, which prohibits conditions of confinement that are degrading or punitive, particularly for detainees awaiting sentencing. See Bell v. Wolfish, 441 U.S. 520 (1979).

When applied to sentencing hearings, these constitutional principles require courts to take reasonable steps to ensure detainees appear in court with dignity, free from any prejudicial conditions.

**II. CASE LAW SUPPORTING THE REQUEST**

**A. Importance of Defendant's Dignity**

The Supreme Court has long emphasized the importance of fairness and dignity in judicial proceedings. In *Estelle v. Williams*, 425 U.S. 501, 504-05 (1976),** the Court held that compelling a defendant to appear before the jury in prison attire creates an unacceptable risk of prejudice. Although this case addressed clothing, the underlying principle extends to a defendant's general appearance, including grooming. The Court recognized that maintaining the

4

dignity of judicial proceedings requires avoiding unnecessary prejudice that could influence the judge's or jury's perception.

Similarly, in *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979),** the Court highlighted the need to balance institutional needs with detainees' dignity. While the case addressed general detention conditions, the principles articulated stress that detainees must not be subjected to punitive or degrading treatment. This includes facilitating appropriate grooming for court appearances to avoid unnecessary prejudice.

**B. Judicial Authority for Intervention**

Federal courts have broad discretion to issue orders ensuring the proper administration of justice. In *Riggins v. Nevada*, 504 U.S. 127, 137-38 (1992), the Court emphasized that a defendant's physical presentation before the court must not impair their ability to receive a fair trial. Although this case involved the administration of medication, it underscores the judiciary's responsibility to intervene when a defendant's condition could unfairly influence judicial perceptions.

Additionally, under 18 U.S.C. § 3142(i), courts are empowered to issue necessary orders concerning a defendant's confinement to ensure the integrity of judicial proceedings. This authority has been interpreted broadly to address conditions that might unfairly prejudice the defendant or disrupt courtroom decorum.

**C. Application to Grooming Requests**

A defendant's appearance at sentencing is a critical aspect of the judicial process. Unkempt or disheveled grooming due to confinement conditions may imply neglect, defiance, or disrespect, regardless of the defendant's intent. Courts have recognized the need to preserve fairness and avoid prejudice during judicial proceedings, particularly in cases involving

5

sentencing where the defendant's presentation could influence the court's perception of their remorse and rehabilitation. By facilitating grooming services for the Defendant, this Court would uphold its duty to ensure fairness, dignity, and the integrity of the judicial process. While not directly addressing haircuts, courts have acknowledged the significance of a defendant's appearance. In *United States v. Pina*, 844 F.2d 1 (1st Cir. 1988), the court noted that a defendant's appearance could influence the jury's perception, underscoring the need for appropriate grooming to prevent prejudice. *United States v. Pina*, 844 F.2d 1, 7-8 (1st Cir. 1988).

DC Department of Corrections Handbook reads, on page 6 of the handbook:

"You must maintain an acceptable level of personal hygiene. Showers, laundry, linen, and clothing exchange, and barber services are regularly made available. You are subject to disciplinary action for failure to keep yourself and your cell clean and sanitary." See DOC PS 4020.1C Inmate Handbook, U.S. Department of Justice, Federal Bureau of Prisons, at 6 (2015)

This emphasizes the institution's responsibility to provide access to grooming services, which supports the argument for the court to ensure a dignified appearance for sentencing.

## III. ALTERNATIVE RELIEF: FURLOUGH FOR GROOMING

If the Court determines that an order directing the U.S. Marshal Service is impractical, the Defendant alternatively requests a temporary furlough to facilitate grooming services at his own expense. This relief would:

1. Ensure no additional burden on the Marshal Service or Government.

2. Allow the Defendant to present himself in a manner consistent with the dignity of the court.

## IV. REQUEST FOR COURT SUPERVISION

Additionally, the Defendant requests that the Court:

1.      **Order a Response from the U.S. Marshal Service:**

Direct the Marshal Service to explain its refusal to facilitate grooming, as detailed in the Defense Motion for Suitable Appearance for Court, where a request was reportedly dismissed with inappropriate conduct.

2.      **Clarify Accountability:**

Ensure compliance with statutory obligations under 28 U.S.C. § 566 and related standards of detainee treatment.

**V. CONCLUSION**

Although direct case law on the denial of haircuts before court appearances is scarce, constitutional protections, judicial authority, institutional policies, and related case law collectively support the argument that defendants should be afforded grooming services to ensure a fair trial and uphold their dignity.

For the foregoing reasons, the Defendant respectfully requests this Court:

1.      Issue an order directing the U.S. Marshal Service to provide the Defendant with a haircut and shave before the sentencing hearing scheduled for November 26, 2024.

2.      Alternatively, grant a temporary furlough to allow the Defendant to obtain grooming services independently.

3.      Order the U.S. Marshal Service to respond regarding their refusal to comply with the prior request for grooming assistance.

                                **Respectfully Submitted,**

                                **/s/Olin J. Baker**
                                Olin J. Baker, BPR #026184
                                Baker Law Group, PLLC
                                P.O. Box 250

        **9 Court Square**
        **Charlotte, TN 37036**
        **(615) 789-3164**
        **Attorney for Defendant Jerry McKane Waynick**

## Certificate of Service

    I hereby certify that a true and exact copy of the foregoing has been forwarded, via the Court's electronic filing system, to Kyle Moran McWaters and Aliya Khalidi, Assistant United States Attorneys; and United States Probation on tis the 22nd day of November, 2024.

        **/s/ Olin J. Baker**
        Olin J. Baker, #026184