## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JERRY MCKANE WAYNICK et al.,

*Defendants.*

Criminal Action No. 23-175 (TJK)

## MEMORANDUM ORDER

Jerry McKane Waynick was convicted of a host of offenses in connection with his role in the attack on the U.S. Capitol on January 6, 2021, including one count of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b).[1] Although his Sentencing Guidelines range was 78 to 97 months' incarceration, due in part to a 6-level official-victim adjustment under U.S.S.G. § 3A1.2(b) and a 4-level increase for use of a dangerous weapon under U.S.S.G. § 2A2.2(b)(2)(B), the Court varied downward and sentenced him to 30 months' incarceration. The Court did so because of his extreme youth at the time of the offense and his father's presence and involvement in similar offense conduct, and because the Guidelines range overstated the seriousness of his conduct.

Waynick now moves for release pending appeal under 18 U.S.C. § 3143(b). For the reasons explained below, the Court will deny the motion.

---

[1] Waynick was also convicted of one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); two other counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); one count of Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); one count of Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); and several misdemeanors.

\* \* \*

Under 18 U.S.C. § 3143(b), a defendant convicted and sentenced to a term of imprisonment must, by default, "be detained" pending appeal, except in certain narrow circumstances. *See, e.g.*, *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007). To be released pending appeal, a defendant bears the burden of showing he meets the statutory requirements for such relief. *See United States v. Stedman*, No. 21-cr-383 (BAH), 2024 WL 3967389, at \*4 (D.D.C. Aug. 28, 2024). First, he must show "by clear and convincing evidence" that he is "not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(1)(A). Second, he must show, in pertinent part, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* § 3143(b)(1)(B). When a defendant seeks relief based on "the circumstances described in subparagraph (B)(iv)," a court may only "order the detention terminated at the expiration of the likely reduced sentence." *Id.* § 3143(b)(1) (flush language). In other words, in such a case, the Court cannot order his immediate release.

The Court assumes, without deciding, that Waynick has satisfied the first prong of the statutory test, showing by clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of any other person or the community. The Court also assumes, without deciding, that his appeal is not for purposes of delay under the second prong. Thus, the only issue is whether Waynick has met his burden of showing that he has raised a "substantial question" of law or fact likely to result in a reversal, new trial, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* § 3143(b)(1)(B). In the end, he doesn't come close.

A "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (internal quotation marks omitted). That standard is "demanding," and it is not enough for a defendant to raise a non-frivolous or "fairly debatable" question. *Id.* Waynick argues that the evidence at trial was insufficient to support his conviction under 18 U.S.C. § 111(b) for using "a deadly or dangerous weapon," and that the Court misapplied the official-victim adjustment and dangerous-weapon enhancement when calculating his Sentencing Guidelines range. *See* ECF No. 113 at 4–5.[2] But even assuming that the sufficiency of the evidence at trial to support his conviction for using "a deadly or dangerous weapon" and the application of the related dangerous-weapon Guidelines enhancement present "substantial questions," Waynick has not shown that a favorable resolution of those issues would likely result in reversal, a new trial, or a reduced sentence to a term of imprisonment "less than the total of the time already served plus the expected duration of the appeal process" under § 3143(b)(1)(B).[3]

---

[2] In his reply brief, Waynick argues that the Court's denial of his Motion to Dismiss for Brady Violation, ECF No. 111, also "raises a substantial question of law and fact" warranting release pending appeal. ECF No. 121 at 4. He waived that argument by raising it "for the first time in his reply brief." *See United States v. Hopkins*, 6-cr-227 (RBW), 2012 WL 13059701, at *4 n.2 (D.D.C. Sept. 12, 2012) (citations omitted). In any event, Waynick simply rehashes the arguments he made in his motion to dismiss and conclusorily claims that the alleged violation is "fairly debatable and likely to result in a new trial." ECF No. 121 at 4–5. That is not enough.

[3] The application of the official-victim adjustment to Waynick's conduct presents no question at all, let alone a "substantial" one. That adjustment applies if the victim was "a government officer or employee" and "the offense of conviction was motivated by such status." U.S.S.G. § 3A1.2(a). The obvious reason why Waynick committed the relevant offenses was that the officers—clearly outfitted and recognizable as law enforcement—were doing their jobs to protect officials inside the U.S. Capitol and the important constitutional process unfolding there. The record provides no support for Waynick's argument that his conduct was merely "reactive," but in any event, that argument does not foreclose that his conduct was motivated by the officers' status. ECF No. 113 at 4. Indeed, as if to erase all doubt, Waynick at one point yelled "fuck the police." ECF No. 120 at 5; Trial Ex. 309.

To begin, Waynick stands convicted of several felony counts unaffected by his § 111(b) challenge, including one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), and two counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1). Thus, he cannot show that a favorable ruling on that issue (or any other) is "likely to result in reversal of *all counts* on which imprisonment is imposed," *Perholtz*, 836 F.2d at 557 (emphasis added), or "by similar logic, an order for a new trial on *all counts*," *United States v. Rhine*, No. 21-cr-687 (RC), 2024 WL 706810, at *9 (D.D.C. Feb. 21, 2024) (cleaned up and emphasis added). Thus, those two avenues under § 3143(b)(1)(B) are foreclosed.

The only remaining question is whether Waynick has met his burden of showing that favorable resolutions of the two dangerous-weapon issues are likely to result in a "reduced sentence" to a term of imprisonment "less than the total of the time already served plus the expected duration of the appeal process" under § 3143(b)(1)(B)(iv). But he does not even try to meet his burden of explaining how this statutory requirement is fulfilled. He does not explain what "reduced sentence" he believes would result if he prevailed on appeal. Nor does he explain why this reduced sentence would fall below "the time already served plus the expected duration of the appeal process." No doubt, this would be an uphill climb for Waynick because the Court already varied downward substantially, in part because of the specific offense conduct at issue, which included consideration of the nature of the object he used as a dangerous weapon. But it is his burden to bear, and he has not done so.

Finally, even if he made the required showing, Waynick would not be entitled to immediate release. To the extent that is the relief he seeks, the statute does not authorize it. *See* 18 U.S.C. § 3143(b)(1) (flush language). The Court "would order only that he be released after serving the duration of the 'likely reduced sentence.'" *United States v. Brock*, No. 23-cr-3045, 2023 WL

4

3671002, at *1 (D.C. Cir. May 25, 2023) (quoting 18 U.S.C. § 3143(b)(1)(B)(iv)).  And again, Waynick has not shown that, if a "substantial question" were resolved in his favor, he would likely receive any sentence reduction at all.

*   *   *

For all the above reasons, it is hereby **ORDERED** that Waynick's Motion for Release from Custody Pending Appeal, ECF No. 113, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: December 13, 2024